UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALAN D. DZIOB | No. 1:24-cr-00019-JAW |

**PROSECUTION VERSION OF THE OFFENSE**

From about January 1, 2021, through about April 14, 2021, the exact dates being unknown, in the District of Maine and elsewhere, the Defendant, Alan D. Dziob, knowingly and intentionally conspired with other persons known and unknown, to distribute and possess with intent to distribute 28 grams or more of a mixture or substance containing cocaine base, 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-n-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a mixture or substance containing methamphetamine, and a mixture or substance containing a detectable amount of cocaine, all being Schedule II controlled substances, and did aid and abet such conduct, all in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

In this regard, on April 14, 2021, Deputy Logan Roberts with the Somerset County Sheriff's Office ("SCSO") stopped a vehicle driven by Jason Lary in Palmyra, Maine. As a result of the traffic stop, deputies located and seized a large quantity of controlled substances from Lary. The suspected narcotics were sent to the Drug Enforcement Administration ("DEA") Northeast Laboratory for analysis, and the following results were returned:

| | |
|---|---|
| Cocaine base | 53.512 grams |
| Methamphetamine | 25.857 grams (96% pure = 24.822 grams actual) |
| Cocaine | 40.4 grams |

1

    Fentanyl    13.9 grams
    Fentanyl    67.423 grams

  The SCSO provided DEA with several jail calls made by Lary in April and May of 2021, where Lary made admissions concerning the drugs seized on April 14, the amount of money he made each week selling drugs ($50,000), and conversations about and with his drug supplier, Jeffrey Frost. The calls demonstrated that Frost was supplying Lary with drugs to sell, including the drugs Lary was caught with on April 14, 2021.

  A DEA analysis of phone records for Frost's phone number show that Frost's phone was in contact with a phone used by the Defendant 197 times between April 6, 2021, and April 25, 2021. Also, phone records show that Frost's phone made a call to the phone used by the Defendant about an hour after Lary was stopped by the police.

  Cooperating defendants and a cooperating witness would establish that the Defendant (also known as "CT") was supplying Frost with drugs between about January to April 2021. Cooperators would establish that the Defendant had a relationship with Frost, where the Defendant regularly supplied Frost with cocaine, methamphetamine, fentanyl, and cocaine base. After receiving the drugs from the Defendant, Frost would sell them, give the drug proceeds to the Defendant, and pick-up more drugs to sell for him. The testimony would establish that the Defendant's conduct involved 28 grams or more of a mixture or substance containing cocaine base and 40 grams or more of a mixture or substance containing fentanyl.

  Additionally, on May 24, 2021, Officer Lucas Murphy with Old Town PD went to the Defendant's residence on Lance Court in Old Town. During a search of the residence, Officer Murphy found a money bill counter in the Defendant's kitchen and a large amount of cash on the Defendant, including in the $100 and $20 denominations.

Had this case proceeded to trial, the Government would have called the agents and officers involved in the arrest of Lary and this investigation. The Government would have offered the audio recordings from the jail referenced above, as well as telephone records demonstrating the connection between the Defendant and coconspirators, including Frost. The Government would have also called cooperating defendants and a cooperating witness to testify concerning the Defendant's relationships with coconspirators and his drug conduct described above. The Government would have introduced in evidence testimony and records showing the Defendant was living in Old Town when he was supplying coconspirators with drugs. This evidence would have been sufficient to prove beyond a reasonable doubt the charge contained in the Indictment.

Respectfully submitted,

Date:  September 10, 2025

CRAIG M. WOLFF
Acting United States Attorney

BY: */s/ Alisa Ross*
    Alisa Ross
    Assistant United States Attorney
    United States Attorney's Office
    202 Harlow Street, Room 111
    Bangor, ME  04401
    (207) 945-0373
    Alisa.Ross@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on September 10, 2025, I electronically filed the Government's Prosecution Version of the Offense with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

    Jeffrey M. Silverstein, Esq.
    Counsel for the Defendant

                                CRAIG M. WOLFF
                                Acting United States Attorney

                          BY: ***/s/ Alisa Ross***
                                Alisa Ross
                                Assistant U.S. Attorney
                                United States Attorney's Office
                                202 Harlow Street, Suite 111
                                Bangor, ME 04401
                                (207) 945-0373
                                Alisa.Ross@usdoj.gov